## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| AMY KRISTEN CROY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUTLER COUNTY JUSTICE CENTER, )<br>et al., )<br>)<br>Defendants. ) | Case No. 1:21-CV-169 JAR |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Amy Kristen Croy, a pretrial detainee at Butler County Jail ("BCJ"), initiated this case on November 19, 2021 pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brought this action against three defendants in their official capacities only: (1) Butler County Justice Center; (2) John Doe, Jail Administrator; and (3) Jane Doe, Nurse. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2.

Within her complaint, plaintiff stated she was held at BCJ from May 31, 2021 to June 17, 2021. Plaintiff alleged she was denied medication to treat an infection, housed in a cell "that did not have running water and did not have a toilet that worked properly," and denied "necessary items," including tampons and sanitary napkins. Plaintiff described her injuries as "severe physical pain and depression."

On December 3, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and granted her motion to proceed *in forma pauperis*. ECF No. 4. The Court determined this action was subject to dismissal for two reasons: (1) defendant BCJ, as a department of local government, is not a suable entity under § 1983, and (2) the complaint failed to state a municipal

liability claim against Butler County. Because plaintiff brought this action against defendants in their official capacities only, the Court did not review the complaint under 28 U.S.C. § 1915 as to whether it could survive initial review against the Doe defendants in their individual capacities.[1] The Court directed plaintiff to file an amended complaint to cure her pleading deficiencies and provided her with clear instructions on how to amend. Plaintiff was warned that her failure to timely comply would result in the dismissal of this action without prejudice and without further notice.

Plaintiff's amended complaint was due on January 3, 2022. To date, however, she has not complied with the Court's December 3, 2021 Memorandum and Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned her that her case would be dismissed if she failed to timely comply, and gave her additional time. Therefore, this action will be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute her case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

---

[1] *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of January, 2022.

                                                JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE